898 F.2d 144
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John Gregg DISHER, Plaintiff-Appellee,
v.
FAST FARE, INC., Defendant-Appellant.
 No. 88-1771.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 11, 1989.
Decided: March 1, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Karen L. Henderson, District Judge. (CA-87-2911-16-3)
 Argued: James H. Lengel, Swagart & Lengel, P.A., Columbia, S.C., for appellant.
 On Brief: John F. Hardaway, Columbia, S.C., for appellee.
 D.S.C.
 REVERSED.
 Before WILKINS, Circuit Judge, HAYNSWORTH*, Senior Circuit Judge, and JAMES C. TURK, Chief United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Fast Fare, Inc. appeals the order of the district court denying its motion for judgment notwithstanding the verdict after a jury awarded John Gregg Disher $500 in compensatory damages and $7,000 in punitive damages. Fast Fare contends that there was insufficient evidence for the case to have proceeded to the jury. We agree and reverse.
 
 I.
 
 2
 On November 15, 1986, Disher drove to a Fast Fare convenience store in Richland County, South Carolina, parked his truck beside a concrete island containing two gasoline pumps, and turned off the ignition. He filled his gas tank and then entered the store. Approximately five minutes had passed when the store cashier shouted that Disher's truck was on fire. Disher ran outside and another Fast Fare employee followed taking a fire extinguisher with him. When the fire extinguisher failed to function, the employee attempted to spray the fire with water from a hose, an effort which proved unsuccessful. A local fire department, responding to a telephone call from the cashier, extinguished the fire. Unfortunately, Disher's truck was essentially destroyed. Disher brought suit against Fast Fare in the Richland County Court of Common Pleas alleging negligence and seeking the value of his truck as damages. Fast Fare removed the case to federal district court.
 
 
 3
 The only evidence presented by Disher was his testimony. He testified that he observed no gasoline spills on the ground before he entered the store. He stated that on his way into the store he walked past a woman with blonde hair who was carrying an empty plastic milk jug. He further stated that when he ran out of the store after the cashier exclaimed that his truck was on fire, the woman was standing beside his truck with a gas nozzle in her hand. He testified that as he approached her, she replaced the nozzle, placed her hands over her ears, and began screaming. Apparently, Disher's theory was that the woman was dispensing gasoline into an improper container, that this somehow led to a spill, and that the spill ignited and caused the fire that consumed his truck.** He also testified that when he ran out of the store the fire was small and easily could have been controlled with a fire extinguisher.
 
 
 4
 Disher also referenced certain regulations of the South Carolina State Fire Marshal that require, inter alia, that service stations provide fire extinguishing equipment and that trained attendants are on duty to prevent the dispensing of gasoline into improper containers and to immediately neutralize any accidental spills. S.C.Code Regs. 19-303.1-303.4 (Supp.1989). A proper container for gasoline must (1) be clearly labeled as to its contents, (2) have a screw cap or spring cover, (3) be fitted with a spout or otherwise designed for easy pouring, and (4) be constructed of metal or other approved material. S.C.Code Regs. 19-303.4.3(a). Disher testified that when he observed the plastic milk jug he saw no markings to indicate that it was to be used to carry gasoline.
 
 
 5
 Testifying for Fast Fare, the cashier confirmed that there was a woman with blonde hair who may have pumped gasoline into a milk jug. However, the cashier stated that when she saw the container, it was beside the door where the woman placed it when she came into the store to pay for the gas.
 
 
 6
 The local fire chief who responded to the fire testified that there was evidence of burning on the ground underneath Disher's truck, but it was impossible to tell whether it resulted from the fire or caused the fire. He also testified that there was no evidence of a trail of burning gasoline from the pumps to the truck.
 
 
 7
 A fire expert testified that a regular visual inspection of a fire extinguisher could reveal only whether the extinguisher retained sufficient pressure. He stated that materials will sometimes clog fire extinguishers and cause them to fail. He also testified that by the time the vehicle fire was discovered, a fire extinguisher of the type required by the regulations would have been ineffectual in extinguishing the fire. Finally, the expert testified that the manufacturer of Disher's truck had issued recall notices for that model because of loose couplings and cracks in the fuel line and that it was his opinion that the cause of the fire was a leak in the truck's fuel line.
 
 
 8
 The jury deliberated more than six hours. At one point, the jurors sent a message that they could not reach a unanimous verdict, but the district judge instructed them to continue their deliberations. The jury returned a verdict awarding no compensatory damages and $7,500 in punitive damages. The district judge instructed the jury, without objection, that they must award compensatory damages in order to award punitive damages. The jury then returned a verdict of $500 in compensatory damages and $7,000 in punitive damages. The district court denied motions to alter or amend the judgment, for judgment notwithstanding the verdict, and for a new trial. This appeal followed.
 
 II.
 
 9
 Because Fast Fare appeals from a jury verdict and the denial of a motion for judgment notwithstanding the verdict, we consider the evidence in the light most favorable to Disher in determining whether the record contains substantial evidence to support the jury's finding. Wilhelm v. Blue Bell, Inc., 773 F.2d 1429, 1432-33 (4th Cir.1985), cert. denied, 475 U.S. 1016 (1986). After reviewing the record, we conclude that Disher failed to establish a prima facie case of negligence. Thus, the district court erred in denying Fast Fare's motion for judgment notwithstanding the verdict.
 
 
 10
 Disher produced no evidence that Fast Fare was negligent in the response of its employees to the fire. Indeed, the evidence shows that its employees acted with dispatch to render all assistance that was reasonably required. Disher suffered no damage as a consequence of any alleged inadequacies in the training of Fast Fare employees.
 
 
 11
 Disher's account of the unknown woman and the milk jug, which was partially corroborated by the testimony of the cashier, may support a finding of negligence per se on the basis that gasoline was dispensed into an improper container. However, this alone is not sufficient to allow recovery. Disher must also show that such negligence was the proximate cause of his injury. Sherrill v. Southern Bell Tel. & Tel. Co., 260 S.C. 494, 197 S.E.2d 283 (1973). He has failed to make this showing and this is not a case in which it would be appropriate to shift the burden of proving causation to the defendant. Cf. Coleman v. Shaw, 281 S.C. 107, 314 S.E.2d 154 (S.C.Ct.App.1984).
 
 
 12
 In cases dealing with sufficiency of evidence issues, we have required " 'reasonable probability' as the proper test of sufficiency of circumstantial evidence...." Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 242 (4th Cir.1982) (quoting Wratchford v. S.J. Groves & Sons Co., 405 F.2d 1061, 1066 (4th Cir.1969)). Speculation and mere possibility are not sufficient. Lovelace, 681 F.2d at 242. Here, Disher has produced no evidence that the dispensing of gasoline by the unknown woman had any relationship to the fire. He furnished neither direct testimony of spilled gasoline nor circumstantial evidence that a burning trail of gasoline led from the pumps to his vehicle.
 
 
 13
 Even assuming arguendo that the woman spilled gasoline, Disher would have been required to show that the spill was the result of dispensing gasoline into an improper container. If the woman had merely spilled gasoline on the ground through some error having nothing to do with the milk jug and thereby ignited the truck, Disher's loss would have resulted from her negligence and not the negligence of Fast Fare.
 
 
 14
 Disher also did not establish that Fast Fare's faulty fire extinguisher, which was of the type required by South Carolina regulations, was the proximate cause of his injuries. Disher offered no evidence to support his conclusory statement that the fire could have been extinguished quickly if the fire extinguisher had functioned properly. In contrast, the testimony of the fire expert indicated that a fire extinguisher of this type could not have extinguished this fire by the time it was discovered.
 
 
 15
 It appears to us that the jury recognized the absence of causation when it initially returned a verdict awarding no compensatory damages. The verdict possibly reflected the jury's disapproval of dispensing gasoline into a milk jug. The purpose of a tort action, however, is to make a plaintiff whole for a loss that results from a defendant's conduct. Here, Disher has not produced evidence that his loss resulted from the conduct of Fast Fare. His theory of causation must, in the end, depend upon a tenuous web of conjecture for acceptance.
 
 
 16
 REVERSED.
 
 
 
 *
 Judge Haynsworth participated in the hearing of this case at oral argument but died prior to the time the decision was filed. The decision is filed by a quorum of the panel. 28 U.S.C.A. Sec. 46(d)
 
 
 **
 Disher did not actually see the woman dispense gasoline. She was not identified and did not give a statement